EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA
SUCV2025000133
FEB 25, 2025 09:32 AM
Carter Brown, Clerk
Walker County, Georgia

**IN THE SUPERIOR COURT OF WALKER COUNTY, GEORGIA**

| | | |
|---|---|---|
| EDWARD HORTON, JR. AND WIFE, CONNIE HORTON, | ) | |
| | ) | NO: |
| Plaintiffs, | ) | |
| vs. | ) | DIVISION |
| | ) | JURY DEMANDED |
| WAL-MART STORES EAST, LP; JAMES THOMAS SCOTT; AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Comes Now, Plaintiffs, Edward Horton Jr. ("hereinafter referred to "Plaintiff") and wife, Connie Horton, and hereby files their Complaint against the defendants, Wal-Mart Stores East, LP, James Thomas Scott and John Does 1-3 ("Defendants"), showing the Court the following:

**INTRODUCTION**

1. This is a personal injury and premises liability action arising from the extensive injuries suffered by Plaintiff Edward Horton on November 3, 2023, at Walmart Supercenter 3040 Battlefield Parkway, Fort Oglethorpe, GA 30742, in Catoosa County, Georgia (Walmart Supercenter No. 1458).

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

2. The Plaintiffs, Edward Horton, Jr. (hereinafter referred to as "Mr. Horton") and wife, Connie Horton, are residents and citizens of Walker County, Georgia.

**Defendant WAL-MART SOTRES EAST, LP (DELAWARE)**

3. Defendant WAL-MART STORES EAST, LP (DELAWARE) is a Delaware limited partnership with a principal address of 702 SW 8th Street, Bentonville, AR 72716. Defendant Walmart Stores East, LP is authorized to do business in the State of Georgia, and it may

**EXHIBIT "C"**

be served via its registered agent, The Corporation Company at 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041 in Forsyth County, Georgia.

4. Defendant WAL-MART STORES EAST, LP (DELAWARE) owns, operates, manages and maintains a store located at 3040 Battlefield Parkway, Fort Oglethorpe, GA 30742 (Walmart Supercenter no. 1458) in Catoosa County, Georgia, and the events and facts giving rise to this Complaint occurred at said Walmart store in Catoosa County, Georgia. Therefore, this Court has personal jurisdiction, and venue is proper in this Court under O.C.G.A. § 14-2-510(b).

**Defendant JAMES THOMAS SCOTT**

5. Defendant JAMES THOMAS SCOTT is a citizen and resident of the State of Georgia and is believed to reside at [redacted] in Catoosa County. Therefore, this Court has personal jurisdiction, and venue is proper in this Court under O.C.G.A. § 50-2-21(a).

6. Defendant Scott, upon information and belief and without the benefit of discovery, was employed at and held management, training and supervisory responsibility for the Walmart Supercenter store premises located at 3040 Battlefield Parkway, Fort Oglethorpe, GA 30742 in Catoosa County, Georgia (Walmart Supercenter No. 1458) on or before November 3, 2023, and at all times material hereto Defendant Scott was a part of the management team of such store (Walmart Supercenter No. 1458). Further, Defendant Scott, upon information and belief and with the benefit of discovery, is a joint tortfeasor with WAL-MART STORES EAST, LP.

**Defendants JOHN DOES -13**

7. Defendants JOHN DOES 1-3 are employees and/or agents of Defendant Walmart, who were responsible in whole, or in part, for maintenance, cleaning, training, management, and/or inspection of the premises located at 3040 Battlefield Parkway, Fort Oglethorpe, GA 3042 (Walmart Supercenter No. 1458) in Catoosa County, Geogia on November 3, 2023. The identities of Defendants John Does 1-3 cannot be ascertained at this time, but they are believed to be residents of the State of Georgia. Plaintiff will amen this Complaint to substitute these defendants once ascertained through the discovery process.

**OPERATIVE FACTS**

8. On November 3, 2023, Edward Horton, Jr. was a customer of Walmart Supercenter and was shopping for consumer goods as an invitee when a sign fell from an end cap display and hit him on the head.

9. This incident occurred at approximately 4:30 p.m. on November 3, 2023. Mr. Horton was injured as a result of the faulty and hazardous end cap display.

10. The hazard was unknown to Mr. Horton and was not discovered by him despite the fact that he was exercising reasonable care for his own safety.

11. Despite the numerous employees of Walmart Supercenter in the area of and surrounding the faulty end cap display, the hazard existed and was permitted to exist on the end cap display.

12. Mr. Horton suffered severe injury as a result of the end cap sign falling on his head.

## LEGAL LIABILITY

### Count I: Negligence

13. Plaintiffs incorporate by reference the foregoing paragraphs as if set forth herein in full.

14. As the owner(s), occupier(s), manager(s), and/or management personnel of the premises located at 3040 Battlefield Parkway Fort Oglethorpe, GA 30742 in Catoosa County, Georgia (Walmart Supercenter No. 1458), Defendant Walmart, Defendant Scott, and Defendants John Does 1-3 owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Mr. Horton, and had obligations and undertook duties to operate, manage, and maintain its store premises in a safe and prudent manner for Mr. Horton and all of the invitees upon the store premises.

15. However, Defendant Walmart, Defendant Scott, and Defendants John Does 1-3 failed to keep the premises safe by allowing faulty end cap signs and displays and pose a dangerous condition to the Defendants' invitee customers. The individual Defendants are/were in managerial, training, and supervisory capacities and failed to properly train and supervise Walmart Supercenter Employees and agents, and failed to maintain the premises in a safe manner for invitees on the date of Mr. Horton's injury.

16. Defendants breached their obligations and duties of care to Mr. Horton as owners, principals, supervisors, employees, servants and/or agents, and were guilty of negligence for those breaches, which caused the injuries and significant damages suffered by Mr. Horton, including:

a. Defendants created the unreasonably dangerous and hazardous condition by allowing faulty end cap display signs, and/or allowed said condition to exist and to persist

without instituting appropriate corrective action;

b. Defendants knew or should have known of the unreasonably dangerous and hazardous condition of the faulty end cap display sign, but failed to take timely and appropriate corrective action;

c. Defendants failed to properly inspect its premises to maintain it in a reasonably safe condition for its patrons, employees, and other invitees;

d. Defendants failed to adequately warn Mr. Horton of the unreasonably dangerous and hazardous condition of faulty end cap display sign, which was not known to, nor readily recognizable by Mr. Horton; and

e. Defendants failed to properly train and supervise staff to prevent, correct, and/or warn of hazards on the premises.

17. In addition to its own direct liability, Defendant Walmart has vicarious liability, via the doctrine of *respondeat superior*, agency, or apparent agency, for the negligent acts and/or omissions of its employees, agents and/or servants, including such breaches listed in the paragraph above, who were employed and or contracted by Defendant Walmart and were acting within the scope of their employment agency or servitude at all times relevant to this action.

18. Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

19. Defendants were negligent in training and supervising the staff of the Walmart Supercenter store.

20. As a direct and proximate result of the Defendants' negligent conduct in failing to properly manage, maintain, inspect the premises, and to train and supervise employees to inspect and maintain the premises free of hazards and to safeguard the health of invitees, Mr. Horton suffered severe injury including, but not limited to, a concussion and

vertigo requiring medical care at significant expense, and resulting in pain, suffering, mental anguish, loss of full capacity to enjoy life, and other damages proximately caused by the Defendants' tortious acts, omissions, and other misconduct.

21. The plaintiff, Connie Horton, states that because of the injuries sustained by her husband, she has suffered both a temporary and a permanent loss of the services, consortium and society of her husband.

**DAMAGES SOUGHT BY PLAINTIFF**

22. Plaintiffs incorporate by reference the foregoing paragraphs as if set forth herein in full.

23. Plaintiffs seek recovery from the Defendants for every element and category of damages permitted under Georgia law to which she is entitled, including, but not limited to, the following:

A. Plaintiffs seek damages for past, present, and future medical bills and expenses, and other necessary expenses incurred, in an amount to be determined by the enlightened conscience of the jury as shown by the evidence adduced at trial;

B. Plaintiffs seek damages from the Defendants for past, present, and future pain and suffering, mental anguish and loss of enjoyment of life resulting from his injuries, in an amount to be determined by the enlightened conscience of the jury as shown by the evidence adduced at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment as follows:

(a) That the Court issue summons and service of process to Defendants as authorized by law;

(b) That Plaintiffs have a trial by jury;

(c) That the Court award Plaintiffs damages for medical expenses, pain, suffering, mental anguish, loss of enjoyment of life, and general and compensatory damages on all counts in an amount to be proven at trial.

(f) That all costs be taxed against Defendants;

(g) Exemplary damages to deter future like negligent conduct by the defendants; and

(h) That this Court awards Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

WARREN & GRIFFIN, P.C.

BY: *s/ C. Mark Warren*
C. Mark Warren (GA Bar # 738210)
Attorneys for Plaintiffs

1305 Carter Street
Chattanooga, TN 37402
(423) 265-4878
(423) 265-4810 – Fax
cmark@warrenandgriffin.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA
SUCV2025000133
FEB 25, 2025 09:32 AM
Carter Brown, Clerk
Walker County, Georgia

**IN THE SUPERIOR COURT OF WALKER COUNTY, GEORGIA**

EDWARD HORTON, JR. AND WIFE, CONNIE HORTON,

Plaintiffs,

vs.

WALMART STORES EAST, L.P.; JAMES THOMAS SCOTT; AND JOHN DOES 1-3,

Defendants.

CIVIL ACTION NO.

**FIRST SET OF INTERROGATORIES TO DEFENDANTS**

The Plaintiffs, pursuant to the *Official Code of Georgia,* hereby submits their First Set of Interrogatories to the Defendants and request that the Defendants respond to these Interrogatories in the time and manner prescribed by Georgia law.

1.

Please state the name, address, and job title of the person(s) answering these interrogatories on behalf of the Defendant. State the relationship each person has to the Defendant.

**ANSWER:**

2.

State the name and address of the person or entity responsible for the maintenance of the display area on Defendant's premises in question at the time of the accident.

**ANSWER:**

3.

State what procedures you followed in designing and inspecting the display area where Plaintiff's injury occurred. If subject procedures are in writing, please quote the exact language of the written procedures, give the name and location of the document containing them and the dates any subsequent procedure were in effect from the period dating from three years prior to plaintiff's injuries to the present time. Further, state what inspections or corrective actions had been taken before plaintiff was injured and the dates and times of each.

**ANSWER:**

4.

Describe the lighting, both artificial and natural, of the area in question at the time the Plaintiff was injured.

**ANSWER:**

5.

Fully describe what warnings you gave to the Plaintiff before the accident about the condition(s) that caused or contributed to its cause and when you gave them.

**ANSWER**

6.

Give the name(s), last known address, telephone number and place of employment of each person who tripped or slipped and fell or nearly fell on your premises due to a foreign substance, both before Plaintiff was injured and since Plaintiff was injured, and provide the dates of each occurrence.

**ANSWER:**

7.

If a report was made by an employee of the defendant with respect to Plaintiff's accident, state the name and address of the person(s) who made such a report, the date thereof, and in whose custody said report is.

**ANSWER:**

8.

State the name, address, telephone number and place of employment of any person who witnessed the accident in question.

**ANSWER:**

9.

Please identify all individuals who may have knowledge relevant to the subject matter of this cause of action and include their name, address, telephone number, and date of birth.

**ANSWER:**

10.

Describe in your own words how the incident which is the basis of this lawsuit occurred. State specifically and with detail what the claim or condition of the Defendant will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

11.

Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representatives following the incident in question.

**ANSWER:**

12.

Please state whether or not you have obtained from the Plaintiff any statement whether oral, written, or recorded and state the date of obtaining any such statement from the Plaintiff. Also, the Plaintiff requests that you attach any such statement to these interrogatories.

**ANSWER:**

13.

Please describe in detail any changes you have made to the site of the accident or any warnings or signs that you have posted there since the subject accident.

**ANSWER:**

14.

Please state whether any surveillance or video tape recordings were made of activities at the premises at the time and date of the incident, including but not limited to the fall itself.

**ANSWER:**

15.

If said photographs or video tape recordings referred to in Interrogatories 13 and 14 exist, please state the person or persons who conducted said surveillance and who made said photographs or video tape recordings together with their address, telephone number and the name of their employer. Also, please state the name, address and telephone number of the person(s) who has possession of said photographs and/or video tape recordings referred to in those interrogatories.

**ANSWER:**

16.

Identify all persons whom you intend to call as expert witnesses at trial, and for each such expert specify:

(a) The subject matter on which he is expected to testify.

(b) The substance of the facts and opinions to which he is expected to testify.

(c) A summary of the grounds for each opinion to which he will testify.

**ANSWER:**

17.

Identify all other experts consulted or engaged by you, your attorney, or your agents.

**ANSWER:**

This 25th day of February, 2025.

Respectfully submitted,

WARREN & GRIFFIN, P.C.

BY: *s/ C. Mark Warren*
C. Mark Warren (GA Bar # 738210)
Attorneys for Plaintiffs

1305 Carter Street
Chattanooga, TN 37402
(423) 265-4878
(423) 265-4810 – Fax
cmark@warrenandgriffin.com

STATE OF ________________:
COUNTY OF __________________:

______________________________, being duly sworn according to law, makes oath that the statements contained in the foregoing interrogatories are true to the best of my knowledge, information and belief.

By: ____________________________________________
Title:

Sworn to and subscribed before me this
_____ day of _______________________, 2025.

___________________________________________
NOTARY PUBLIC
My Commission Expires: ____________________

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA
SUCV2025000133
FEB 25, 2025 09:32 AM
Carter Brown, Clerk
Walker County, Georgia

**IN THE SUPERIOR COURT OF WALKER COUNTY, GEORGIA**

EDWARD HORTON, JR. AND WIFE, CONNIE HORTON,

Plaintiffs,

vs.

WALMART STORES EAST, L.P.; JAMES THOMAS SCOTT; AND JOHN DOES 1-3,

Defendants.

CIVIL ACTION NO.

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

The Plaintiffs, pursuant to the *Official Code of Georgia,* hereby submit their Request for Production of Documents to the Defendants and request that the it produce and permit Plaintiff's counsel to inspect and copy the following documents within forty-five (45) days from the date of service of this request at the law offices of Warren & Griffin, P.C., or in lieu thereof, serve exact copies of the same on counsel for Plaintiff.

**REQUEST FOR PRODUCTION**

1.

All documents (including any writing, photograph, reproduction, or microfilm of any writing) including memoranda, notes, reports, correspondence, x-rays, scans, and statements relating to the examination or treatment of the plaintiff by any physician, chiropractor, or other medical practitioner for any illness, injury, condition or complaint which the defendant contends may be relevant to the plaintiff's claim for personal injuries.

**RESPONSE:**

2.

All documents containing the opinions of any physicians, doctors, chiropractors, or other medical practitioner as to any illness, injury, condition or complaint which the defendant contends may be relevant to the plaintiff's claim for personal injuries.

**RESPONSE:**

3.

A copy of any lawsuits, Complaints and Amendments to Complaints filed by plaintiff, or someone on behalf of plaintiff, which defendant contends may be relevant to plaintiff's claim for personal injuries.

**RESPONSE:**

4.

All photographs, videotapes, drawings, sketches, diagrams, or charts of the scene of the incident alleged in the Complaint filed in this case, since the date of the incident, and/or any damage(s) arising from the incident, which you intend to use at the trial of this case either as direct evidence, circumstantial evidence, or to impeach any witness.

**RESPONSE:**

5.

All oral statements that have been reduced to a written form of any type, written statements, recordings (whether transcribed or recorded via an audio or video reproduction device of any type), transcripts of any oral statements, or other statements made by the plaintiff concerning any aspect of this case.

**RESPONSE:**

6.

All written statements, notes or memos of oral statements, recordings (whether transcribed or recorded via an audio or video reproduction device of any type), transcripts of any oral statements, or other statements made by the defendant, or any other witness (es), concerning any aspect of this case.

**RESPONSE:**

7.

If you intend to call an expert witness (witnesses) to testify in this case, please produce a current and complete resume or curriculum vitae for each witness.

**RESPONSE:**

8.

Copies of any surveillance, photographs or video tape recordings which have been made of the Plaintiff's activities since the date of his fall on Defendant's premises.

**RESPONSE:**

9.

Copies of any surveillance or video tape recordings which were made of activities at the premises at the time and date of the incident, including but not limited to the fall itself.

**RESPONSE:**

10.

Copies of any procedure manual related to the requisite inspection of the premises for potentially dangerous conditions.

**RESPONSE:**

11.

Copies of any contemporaneous documents as to the memorialization of inspections to the premises.

**RESPONSE:**

Respectfully submitted, this 25th day of February, 2025.

Respectfully submitted,

WARREN & GRIFFIN, P.C.

BY: *s/ C. Mark Warren*
C. Mark Warren (GA Bar # 738210)
Attorneys for Plaintiffs

1305 Carter Street
Chattanooga, TN 37402
(423) 265-4878
(423) 265-4810 – Fax
cmark@warrenandgriffin.com

IN THE SUPERIOR COURT OF WALKER COUNTY
STATE OF GEORGIA

EDWARD HORTON, JR.
AND WIFE, CONNIE HORTON,

Plaintiffs,

Civil Action File No.
SUCV2025000133

v.

WAL-MART STORES EAST, LP;
JAMES THOMAS SCOTT;
AND JOHN DOES 1-3,

Defendants.
_________________________________/

ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP, AND JAMES THOMAS SCOTT

COME NOW, Defendants WAL-MART STORES EAST, LP, and JAMES THOMAS SCOTT and make this Answer to Plaintiffs' Complaint as follows:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiffs' own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

FIFTH DEFENSE

Plaintiffs assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

SIXTH DEFENSE

Any claims asserted by Plaintiff for the assessment of punitive damages against Defendants in this action violate the applicable provisions of the Constitutions of the United States and the Constitution of the State of Georgia.

SEVENTH DEFENSE

Any claim for punitive damages, and the Georgia statutes authorizing aggravated, exemplary, or punitive damages, violate the United States and

Georgia Constitutions, both facially and as applied. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.) *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

EIGHTH DEFENSE

Plaintiffs' claim for punitive damages should be dismissed as a matter of law.

NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiffs' Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Rome Division.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiffs' Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiffs' Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.

Defendants incorporate by reference the foregoing paragraphs as if set forth herein in full.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiffs' Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiffs' Complaint, including subparagraphs a., b., c., d. and e. thereof.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiffs' Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22.

Defendants incorporate by reference the foregoing paragraphs as if set forth herein in full.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiffs' Complaint, including subparagraphs A. and B. thereof.

24.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

25.

Defendants deny Plaintiffs' prayer for relief, including subparagraphs (a), (b), (c), (d), (e), (f), (g) and (g) thereof.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with all costs cast upon the Plaintiffs. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendants WMSE & Scott

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP AND JAMES THOMAS SCOTT has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 4th day of April, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendants
WAL-MART STORES EAST, LP
JAMES THOMAS SCOTT

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE SUPERIOR COURT OF WALKER COUNTY
STATE OF GEORGIA

EDWARD HORTON, JR. AND
WIFE CONNIE HORTON,

Plaintiffs,

v.

WAL-MART STORES EAST, LP,
JAMES THOMAS SCOTT,
AND JOHN DOES 1-3,

Defendants.

Civil Action File No.
SUCV2025000133

______________________________/

**12-PERSON JURY DEMAND**

COME NOW Defendants, WAL-MART STORES EAST, LP and JAMES THOMAS SCOTT and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendants
WAL-MART STORES EAST, LP
JAMES THOMAS SCOTT

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 4th day of April, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendants
WAL-MART STORES EAST, LP
WAL-MART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com